IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL DAVIS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 09 C 5538 ) ) Judge Joan H. Lefkow |
| KEITH ANGLIN,[1] Warden, Danville Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Michael Davis, who is currently incarcerated at Danville Correctional Center, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Davis asserts two grounds for relief: (1) Illinois' Truth-in-Sentencing statute ("TIS"), codified at 730 Ill. Comp. Stat. 5/3-6-3, which makes prisoners serving terms for first-degree murder, such as Davis, ineligible for good time credit, is unconstitutional because it violates the United States Constitution's separation of powers principle, and (2) his due process rights were violated because the statute is unconstitutional. Before the court is respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). For the reasons stated below, the motion [18] will be granted.

## BACKGROUND

On March 18, 2002, Davis entered a guilty plea to one count of first degree murder and was sentenced to twenty years' imprisonment. Davis moved to withdraw his

---

[1] The original respondents in this case were Jorge Montes and Michael Randle. Because Kieth Anglin replaced Montes and Randle, Anglin has been substituted as the proper party respondent. *See* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Court; Fed. R. Civ. P. 25(d).

guilty plea on April 16, 2002. On December 17, 2002, Davis withdrew his motion. *Id*. Davis did not file any subsequent motions or appeals, but he did file a grievance with the Illinois Department of Correction's ("IDOC") Administrative Review Board on January 1, 2008. The grievance challenged the constitutionality of TIS as applied to his sentence because it had made him ineligible for good conduct credit, requiring him to serve his entire sentence. The administrative board denied the grievance, stating that it was a "judicial issue best settled through the courts and outside the realm of IDOC." *See* Ex. to Pet'r's Resp.

On July 1, 2008, Davis filed a state mandamus action to receive good conduct credit on the basis that TIS was unconstitutional. The state trial court dismissed Davis's mandamus action on May 8, 2009. He did not appeal. On September 4, 2009, Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of Illinois that was subsequently transferred to this court.

## ANALYSIS

**I.      Whether Davis's Petition is Time-Barred**

Federal law imposes a one-year statute of limitations on habeas corpus petitions filed under 28 U.S.C. § 2254. Section 2244(d)(1) provides that the limitations period runs from the latest of four possible dates: (A) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date the impediment to filing an application created by state action in violation of federal law is removed, if the applicant was prevented from filing by such state action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

Because no showing or argument has been made that § 2244(d)(1)(B)-(D) apply in this case, the date on which the judgment became final is dispositive here. *Id.* § 2244(d)(1)(A). Davis entered a guilty plea on March 18, 2002, moved to withdraw his plea on April 16, 2002, and subsequently withdrew his motion to withdraw on December 17, 2002. Because Davis did not file any subsequent motions or appeals, his conviction was finalized on December 17, 2002. *See* Ill. S. Ct. R. 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files . . . a motion to withdraw the plea of guilty and vacate the judgment."). Thus, the limitations period under § 2244(d)(1)(A) started to run on that date and Davis was required to file his habeas corpus petition pursuant to § 2254 by December 17, 2003. This action, however, was not filed until September 4, 2009.

Davis argues that the limitations period should be tolled until May 8, 2009, when the state trial court dismissed his mandamus action. While the statute provides that the "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), this does not apply in Davis's case because the statute of limitations for filing his § 2254 petition had long expired before he filed his state court mandamus action on July 1, 2008. For this

same reason, Davis is not entitled to equitable tolling, which requires a habeas petitioner to show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented his timely filing. *Lawrence* v. *Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (citations omitted) (internal quotation marks omitted). Given that Davis waited to file his state mandamus action until July 1, 2008, five and a half years after his conviction was finalized, Davis cannot show that he diligently pursued his rights. Accordingly, his petition must be dismissed.

II.     **Whether Davis is Entitled to a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A habeas petitioner is entitled to a certificate of appealability if he can make a "substantial showing of a denial of a constitutional right." *Miller-El* v. *Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). For any claims that the district court denies on procedural grounds, a petitioner can only make the requisite showing by demonstrating that reasonable jurists would find it debatable (1) whether the petition stated a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The court can find no reason why reasonable jurists would debate or disagree with this court's ruling on whether Davis's petition is timely. A certificate of appealability will not issue.

## **CONCLUSION AND ORDER**

For the foregoing reasons, respondent's motion to dismiss Davis's petition [18] is granted. Davis is not entitled to a certificate of appealability. The case is terminated.


Dated: July 7, 2010          Enter:  _____
                                      JOAN HUMPHREY LEFKOW
                                      United States District Judge